ANGELA J. LIZADA, ESQ.
Nevada Bar No. 11637
LIZADA LAW FIRM, LTD.
501 S. 7th St.
Las Vegas, NV 89101
Phone: (702) 979-4676
Fax: (702) 979-4121
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | |
|---|---|
| SHAUN TAYLOR,<br><br>         Plaintiff,<br><br>v.<br><br>CLARK COUNTY SCHOOL DISTRICT, KEITH FRANCE, an individual, DOES I through X, and ROE CORPORATIONS I through X,,<br><br>         Defendant. | Case No.:   2:18-cv-1264-KJD-VCF<br><br><br><br>**COMPLAINT** |

    COMES NOW, Plaintiff SHAUN TAYLOR, by and through ANGELA J. LIZADA, ESQ. of LIZADA LAW FIRM, LTD., her attorney of record, and hereby files her Complaint against the above-named Defendants as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff, SHAUN TAYLOR ("Ms. Taylor"), is and was at all times relevant hereto, a resident of Clark County, Nevada.

2. Upon information and belief, Defendant CLARK COUNTY SCHOOL DISTRICT is a public school governmental entity in Clark County, Nevada.

3. Upon information and belief, KEITH FRANCE is an individual who is and was at all times relevant hereto, a resident of Clark County, Nevada and an employee of Defendant Clark County School District.

4. Venue is proper in the unofficial Southern Division of this district pursuant to 28 U.S.C. § 1331(a).

5. This court has original jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, because the matter in controversy arises from the laws of the United States under 42 U.S.C.S. § 2000e-2(a) as Plaintiff filed a charge of discrimination based on race and received a right to sue letter from the EEOC.

## GENERAL ALLEGATIONS

6. Ms. Taylor is Black/African American.

7. Ms. Taylor is and was an employee of Defendant Clark County School District ("CCSD") at all times relevant to this Amended Complaint.

8. That Defendant Keith France ("Mr. France") was the principal at the school where Ms. Taylor taught.

9. On April 26, 2016, Ms. Taylor emailed Mr. France concerning racial profiling with the assignment of Black students to primarily her class.

10. On October 3, 2017, Mr. France made comments to Ms. Taylor citing "black people's time".

11. On November 14, 2017, Mr. France told Ms. Taylor her child could not use the staff bathroom or be in the lounge, although non-black children were continued access.

12. On January 17, 2017, Mr. France was in BJ's Restaurant and made a statement to Ms. Taylor's significant other calling Ms. Taylor an "angry black woman".

13. In late 2016 or early 2017, Mr. France required teachers to attend training about "The Black Male Child" inferring they required treatment different than other children.

14. On February 7, 2017, Ms. Taylor reported the discriminatory conduct to her union representative.

15. On February 10, 2017, Ms. Taylor told the Vice Principal, Victoria McIntyre ("Ms. McIntyre") that Mr. France was harassing her because of her race, which was confirmed in a later email.

16. On February 27, 2017, Mr. France was watching Ms. Taylor from outside her vision, which was reported to her by a coworker.

17. On February 28, 2017, Mr. France made statements about all black people looking alike and "being from the hood.

18. On March 9, 2017, Mr. France again made statements about "black people's time".

19. On March 22, 2017, Mr. France again made statements about "angry black woman".

20. On April 25, 2017 Mr. France emailed Ms. Taylor acknowledging that Ms. Taylor had a medical appointment on April 26, 2017.

21. On April 26, 2017, Ms. Taylor was not at work due to taking a sick day for a medical appointment.

22. Mr. France wrote up Ms. Taylor stating that she was not watching the students while proctoring a test on April 26, 2017, but Ms. Taylor was absent that day.

23. Ms. Taylor was written up for not informing administration of her April 26, 2017 medical appointment, although Mr. France emailed her confirming the appointment.

24. On April 27, 2017, Ms. Taylor proctored the exam with her supervisor, Victoria McIntyre ("Ms. McIntyre"), present who did not have any complaints.

25. One student was caught cheating, and Ms. Taylor expressed concerns as she had caught the same student cheating a few weeks earlier.

26. On May 19, 2017, Mr. France was peeking through the window in Ms. Taylor's classroom, and another staff member sent Ms. Taylor a message stating "you have a stalker".

27. On May 22, 2017, Mr. France nor Ms. McIntyre were on campus, so Ms. Taylor sent an email to Steve Willings that she was gong to an emergency doctor's appointment, and she then made the office manager aware and signed out in the sight out book.

28. When Ms. Taylor returned, she provided Ms. McIntyre the doctor's note.

29. On May 22, 2017, Ms. Taylor reported discriminatory conduct of Mr. France to Ms. McIntyre.

30. Ms. Taylor was crying during the conversation, but four months later Ms. McIntyre claims that Ms. Taylor was yelling and screaming during the conversation.

31. On May 22, 2017, Ms. Taylor reported to CCSD Human Resources that she felt she was being discriminated on based on racial discrimination.

32. On May 26, 2017, Ms. Taylor stated to Ms. McIntyre that she felt harassed by Mr. France, but Ms. McIntyre made Ms. Taylor meet with Mr. France anywyas.

33. On May 26, 2017, Mr. France served Ms. Taylor with discipline stated she did not properly supervise students on April 26, 2017, when she was absent.

34. On May 29, 2017, Ms. Taylor sent further communications to the Executive Manager/ Director II and Assistant Superintendent regarding the harassment by Mr. France.

35. On May 30, 2017, Ms. Taylor's FMLA was approved, but Ms. Taylor and Mr. France were not notified of the approval until May 31, 2017 at 3:28 pm in the late afternoon.

36. On May 31, 2017 and June 1, 2017, Ms. Taylor dropped her son off at school and picked him up.

37. On June 1, 2017, when Ms. Taylor was picking up her son from the school, she had an anxiety and panic attack caused by Mr. France.

38. Ms. Taylor was about to faint and reached out and held onto Ms. McIntyre.

39. Mr. France made statements later that Ms. Taylor grabbed and shook Ms. McIntyre.

40. Ms. Taylor was given FMLA due to the stress and anxiety caused by the discriminatory behaviors by Mr. France.

41. Ms. Taylor was tended to by paramedics, during which time a security officer tried to read her a trespass warning but stopped when he determined she was not coherent.

42. On June 2, 2017 Mr. France sent an email to Ms. Taylor with a trespass notice to her work email, that she was not checking due to the fact that she was on FMLA for anxiety related to work.

43. Ms. Taylor did not actually check the email until July 27, 2017.

44. The trespass notice was solely because Ms. Taylor was on campus picking up her son from school while on FMLA.

45. On the night of June 3, 2017, while still not having notice of the trespass notice, Ms. Taylor entered the school to collect her belongings when no one was present to prevent any conflict.

46. Ms. Taylor's admission to the school and exit with her belongings were recorded on video.

47. There have been no allegations that Ms. Taylor took anything other than her personal belongings.

48. On June 4, 2017, Mr. France filed a police report against Ms. Taylor for trespass.

49. On June 9, 2017 Mr. France and Ms. McIntyre made statements to CCSD police regarding Ms. Taylor.

50. On July 27, 2017, Ms. Taylor had her initial interview with the EEOC and the Charge of Discrimination for Racial Discrimination was sent to Defendant.Ms. Taylor requests a reassignment to a different school, solely to escape Mr. France and his harassment.

51. On August 22, 2017, Mr. France had a representative on his behalf approach Ms. Taylor at the new school to serve her with disciplinary documents, although he was no longer her supervisor and she had already filed an EEOC complaint due to his actions.

52. On August 24, 2017, Ms. Taylor submitted a complaint to the EEOC for retaliation, and on November 9, 2017, a Charge of Discrimination was issued.

53. Mr. France had continuously harassed Ms. Taylor due to her race.

54. Other, nonblack employees were not targeted the way Ms. Taylor was targeted.

55. Ms. Taylor acquired severe anxiety and panic attacks caused by Mr. France's conduct.

56. That Ms. Taylor obtained FMLA leave based on her anxiety and panic attacks.

57. Mr. France served Ms. Taylor a trespass notice while she was picking her son up from school, solely because she was approved for FMLA.

58. Mr. France tried to send correspondence to Ms. Taylor in her son's backpack.

59. Mr. France filed frivolous police reports against Ms. Taylor causing Ms. Taylor to be forced to hire counsel and defend the frivolous charges.

60. Mr. France tracked Ms. Taylor down to her new school to continue his harassment of her in retaliation for her reporting his conduct and asking to be moved away from him.

61. The charges were eventually dismissed by the North Las Vegas City Attorney for lack of evidence.

62. Ms. Taylor filed her EEOC Employment Discrimination Complaint on August 24, 2017.

63. Ms. Taylor requested the Right to Sue letter from the EEOC.

64. Ms. Taylor filed suit on her initial claims against Defendants on July 11, 2018 in case 2:18-cv-1264.

65. The Right to Sue letter on the retaliation was issued on March 13, 2019.

66. With the three days presumed mailing time, Ms. Taylor's deadline to file for the retaliation claims is on June 14, 2019.

## FIRST CAUSE OF ACTION
### (Title VII- Retaliation- As to All Defendants)

67. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 56 as though fully set forth herein.

68. That 42 U.S.C.S. § 2000e-3(a) prohibits an employer to discrimination against an employee because she has opposed any practice unlawful under 42 U.S.C.S. § 2000e, or because she has made a charge or otherwise participated in any manner in an investigation under this subchapter.

69. That Ms. Taylor reported Mr. France's conduct that was unlawful under 42 USCS § 2000e to her union representative and obtained FMLA leave due to the anxiety caused by Mr. France's conduct.

70. After Ms. Taylor reported Mr. France's discriminatory conduct, Mr. France served her a trespass notice for being on campus to pick her son up from school.

71. Ms. Taylor was subsequently hospitalized for her anxiety attack on June 1, 2017 caused by Mr. France's conduct.

72. That Mr. France had a representative on his behalf serve Ms. Taylor a disciplinary notice after she had been relocated solely to escape Mr. Taylor's harassing behaviors.

73. Mr. France pursued criminal charges against Ms. Taylor for Ms. Taylor retrieving her belongings when he was not present to harass her.

74. That Ms. Taylor was forced to retain counsel to dispute the criminal charges, which were eventually dismissed.

75. That Ms. Taylor has been forced to retain counsel to prosecute these claims.

WHEREFORE, Plaintiff expressly reserving the right to amend her Complaint as necessary, prays as follows:

1. For damages in favor of Plaintiff in an amount in excess of $75,000.00;
2. For punitive damages against Defendant in the favor of Plaintiff in the amount of $300,000.00;
3. For compensatory damages in an amount in excess of $75,000.00
4. For reasonable attorneys' fees and costs; and,
5. For such other relief as the court may deem just and proper.

DATED this 11th day of June, 2019.

LIZADA LAW FIRM, LTD.
/s/ Angela J. Lizada_____
ANGELA J. LIZADA, ESQ.
Nevada Bar No. 11637
501 S. 7th St.
Las Vegas, NV 89101
angela@lizadalaw.com