**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SHAUN TAYLOR,                      )<br>                                              )<br>        Plaintiff,                        )<br>vs.                                        )<br>                                              )<br>CLARK COUNTY SCHOOL DISTRICT, *et* )<br>*al.*,                                       )<br>                                              )<br>        Defendants.                   ) | Case No.: 2:19-cv-00999-GMN-EJY<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss, (ECF No. 13), filed by Defendants Clark County School District ("CCSD") and Keith France (collectively "Defendants"). Plaintiff Shaun Taylor ("Plaintiff") filed a Response, (ECF No. 18), and Defendants filed a Reply, (ECF No. 20).  For the reasons discussed below, Defendants' Motion to Dismiss is **GRANTED**.

**I.    BACKGROUND**

This case arises out of Plaintiff's employment with CCSD. (Compl. ¶ 7, ECF No. 1). Defendant Keith France ("France") was the principal of the school where Plaintiff taught. (*Id.* ¶ 8).  Plaintiff, a Black/African-American woman, alleges France discriminated against Plaintiff due to her race. (*Id.* ¶¶ 6, 50).  Plaintiff had her initial interview with the Equal Employment Opportunity Commission ("EEOC") on July 27, 2017. (*Id.* ¶ 50).  A Charge of Discrimination was issued that same day and notice was sent to France. (*Id.*).  In addition, Plaintiff requested to transfer schools to escape France's alleged harassment. (*Id.*).

Plaintiff further alleges that on August 22, 2017, France had a representative approach Plaintiff at her new workplace to serve her with disciplinary documents. (*Id.* ¶ 51). On August 24, 2017, Plaintiff submitted a second complaint to the EEOC for retaliation. (*Id.* ¶ 52).  A

1  Charge of Discrimination was issued on November 9, 2017, based on this second complaint.
2  (*Id.*).  Plaintiff was issued a Right to Sue letter on or about April 3, 2018, for her initial
3  complaint with the EEOC. (Resp. to Mot. Dismiss 2:4–7, ECF No. 18).  Plaintiff was issued a
4  second Right to Sue letter on March 13, 2019, for her second complaint with the EEOC. (*Id.*
5  2:10–18).  The March 13, 2019 letter is the basis of this current action. (*See id.*).

6  On July 11, 2018, after Plaintiff received her first Right to Sue letter (but before she
7  received the March 13, 2019 letter regarding retaliatory conduct) Plaintiff filed an action in this
8  District ("Prior Action") against CCSD and France based on her initial EEOC complaint. *See*
9  Complaint, ECF No. 1, *Shaun Taylor v. Clark County School District*, No. 2:18-cv-01264-
10 KJD-VCF (D. Nev. July 11, 2018).  In her complaint, Plaintiff alleged claims for Title VII
11 racial discrimination, Title VII retaliation, and FMLA discrimination against CCSD and France.
12 *Id*.  Plaintiff further alleged claims for abuse of process, defamation, and intentional infliction
13 of emotional distress ("IIED") against France alone. *Id*.

14 Plaintiff's Title VII claims in the Prior Action were dismissed with prejudice on June 6,
15 2019, as being barred by the statute of limitations. *See* Order of Dismissal, ECF No. 36, *Shaun*
16 *Taylor v. Clark County School District*, No. 2:18-cv-01264-KJD-VCF, 2019 WL 2453648 (D.
17 Nev. June 11, 2019) (finding that Plaintiff failed to file her complaint within 90 days of when
18 the EEOC's Right to Sue letter was attempted to be delivered to Plaintiff's residence).  The
19 state law claims were also dismissed; however, Plaintiff was granted leave to amend. *Id*.
20 Plaintiff filed an amended complaint after receiving the March 13, 2019 Right to Sue letter. *See*
21 *id.*  The amended complaint set forth Plaintiff's state law defamation and IIED claims, but did
22 not allege new Title VII claims. *See id.*  The court subsequently declined to exercise
23 supplemental jurisdiction over the state law claims and the case was closed. *See* Order Closing
24 Case, ECF No. 48, *Shaun Taylor v. Clark County School District*, No. 2:18-cv-01264-KJD-
25 VCF (D. Nev. March 23, 2020).

On June 12, 2019, Plaintiff filed the present action alleging Title VII retaliation against both CCSD and France. (Compl. ¶¶ 67–75, ECF No. 1).  In October 2019, Defendants filed the instant Motion to Dismiss asserting that Plaintiff's Complaint is barred by claim preclusion. (Mot. Dismiss ("MTD") 7:3–13, ECF No. 13).

## II.     LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III. DISCUSSION

Defendants move to dismiss Plaintiff's Complaint arguing that Plaintiff is barred from renewing her Title VII retaliation claim against Defendants due to claim preclusion. (MTD 7:2–13, ECF No. 13). Specifically, Defendants argue that the Prior Action and the present action involve identical claims. (*Id.* 8:11–14). Defendants further argue that claim preclusion applies because a dismissal based on statute of limitations grounds constitutes a final judgment on the merits. (*Id.* 9:2–8). In the alternative, Defendants argue that if claim preclusion does not apply, the case should still be dismissed for failure to state a plausible claim for relief. (*Id.* 9:18–11:27). Defendants contend that Plaintiff fails to satisfy the elements of a Title VII retaliation claim. (*Id.*). The Court will begin its analysis by first addressing Defendants' res judicata arguments.

Claim preclusion under the doctrine of res judicata applies when "a final judgment on the merits bars further claims by the same parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153 (1979); *accord Tahoe-Sierra Pres. Council v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003). It prohibits the re-litigation of any claims that were raised or could have been raised in a prior action. *Western Radio Servs. Co., Inc. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). The doctrine is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Id.* The purpose of the doctrine is to "relieve parties of the cost and vexation of multiple law suits, conserve judicial resources and, by preventing inconsistent decisions, encourage reliance on adjudication." *Marin v. HEW, Health Care Fin. Agency*, 769 F.2d 590, 594 (9th Cir. 1985) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). Plaintiff argues res judicata does not apply because the instant Title VII claim and the Title VII claims raised in the Prior Action are not the same. (Resp. to MTD 6:21–7:9, ECF No. 18).

Further, Plaintiff argues that res judicata is not applicable because no judgment was issued on the merits of the Prior Action. (*Id.* 7:22–24).

### A. Identity of Claims

"The central criterion in determining whether there is an identity of claims between the first and second adjudications is 'whether the two suits arise out of the same transactional nucleus of facts.'" *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000). Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action. *United States ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 911 (9th Cir. 1998). As the Ninth Circuit has previously stated:

> Res judicata bars relitigation of all grounds of recovery that were asserted, or could have been asserted, in a previous action between the parties, where the previous action was resolved on the merits. It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought.

*Id.* at 909.

Here, Plaintiff argues that there are two separate retaliation claims. (Resp. to MTD 6:21–7:9, ECF No. 18). Plaintiff's Prior Action for Title VII Retaliation was for actions alleged to have occurred between September 27, 2016 and June 5, 2017. (*Id.* 2:3–7). The Right to Sue letter was issued to Plaintiff by the EEOC on or about April 3, 2018, and Plaintiff filed the Prior Action based on that Right to Sue letter on July 11, 2018. (*Id.* 2:7–8). On August 24, 2017, Plaintiff filed a second complaint with the EEOC for retaliation for actions that allegedly occurred after she filed her initial complaint with the EEOC. (*Id.* 2:9–14). The Right to Sue letter for the second EEOC complaint was issued March 13, 2019. (*Id.* 2:15–17). The case at bar was filed on June 12, 2019. The factual allegations, while more detailed in the instant Complaint, are nearly identical to those alleged in the Prior Action. For example, in the present

action, Plaintiff alleges that on April 26, 2017, she was subject to unwarranted discipline. (Compl. ¶¶ 21–23, ECF No. 1).  Plaintiff also alleges that her attempt to drop her son off at school on May 31, 2017 and June 1, 2017, resulted in her unwarranted trespass from school grounds. (*Id.* ¶¶ 19–20).  Plaintiff further alleges that France filed a police report against her for trespass. (*Id.* ¶ 48).  Plaintiff raised the same allegations in the Prior Action. *See* Complaint ¶¶ 19–27, 31, ECF No. 1, *Shaun Taylor v. Clark County School District*, No. 2:18-cv-01264-KJD-VCF (D. Nev. July 11, 2018).  The only difference is that the instant Complaint alleges that on August 22, 2017, France had a representative serve Plaintiff with disciplinary documents after she had filed her initial EEOC complaint and after she had been transferred to her new workplace. (Compl. ¶ 51).  However, Plaintiff made a substantially similar allegation in her Prior Action, but did not indicate the date of the alleged occurrence. *See* Complaint ¶ 33, ECF No. 1, *Shaun Taylor v. Clark County School District*, No. 2:18-cv-01264-KJD-VCF (D. Nev. July 11, 2018).  Additionally, the dismissal order in Plaintiff's Prior Action was signed on June 6, 2019. *See* Order of Dismissal, ECF No. 36, *Shaun Taylor v. Clark County School District*, Case No. 2:18-cv-01264-KJD-VCF, 2019 WL 2453648 (D. Nev. June 11, 2019).  Therefore, Plaintiff's Prior Action was open and active when the EEOC issued the March 13, 2019 Right to Sue letter addressing Plaintiff's retaliation claim.  Plaintiff's current claims appear to have accrued at the time of Plaintiff's Prior Action, and therefore could have been raised in that Prior Action.

      **B.  Final Judgment on the Merits**

Res judicata also requires a final judgment on the merits.  Here, the Prior Action was dismissed as barred by the statute of limitations. *Id.*  The U.S. Supreme Court has unambiguously held that a dismissal on statute of limitations grounds is a judgment on the merits. *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995).  The Court therefore finds

that Plaintiff's Prior Action was resolved by a final judgment on the merits.  As such, the second element of res judicata has been met.

### C.  Identity or Privity Between Parties

The final element of res judicata is identity or privity between the parties.  Here, Defendants argue, and the Court agrees, that the parties to the Prior Action are identical to the parties in the present action. (MTD 9:9–11, ECF No. 13).  Moreover, Plaintiff does not dispute this issue. (Resp. to MTD 8:14–15, ECF No. 18).  As such, the final res judicata element is met.

Because each of the requisite res judicata elements are satisfied, the Court finds Plaintiff is barred from relitigating her Title VII claims in the present case.  Accordingly, Defendants' Motion to Dismiss is granted.[1]

### D.  Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  The Ninth Circuit "ha[s] held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

The Court finds that Plaintiff's Title VII retaliation claim is barred by res judicata, and thus, any amendment to Plaintiff's Complaint would be futile.  Because Plaintiff's Complaint could not possibly be cured by the allegation of other facts, Plaintiff is denied leave to amend.

---

[1] Having found that Plaintiff's claim is precluded by res judicata, the Court need not reach Defendants' additional arguments.

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, (ECF No. 13), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED with prejudice**.

The Clerk of Court is directed to close this case.

**DATED** this __7__ day of August, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court